AO 72
(Rev. 8/82)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FILALI MOHAMED MADIDI,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES, U.S. DEPARTMENT OF HOMELAND SECURITY, AND THE UNITED STATES OF AMERICA<br><br>Defendants. | Case No.: 2:10-cv-00612-RLH-PAL<br><br>**ORDER**<br><br>(Motion for Summary Judgement–#19; Counter Motion for Summary Judgment–#22) |

Before the Court is Defendants US Citizenship & Immigration Services, U.S. Department of Homeland Security, and the United States of America's ("Defendants") **Motion for Summary Judgment** (#19, filed Jun. 6, 2011) on Plaintiff Filali Mohamed Madidi's complaint. The Court has also considered Madidi's Opposition (#21, filed Jun. 27), and the Defendants' Reply (#24, filed Jul. 8).

Also before the Court is Madidi's **Counter Motion for Summary Judgment** (#22, filed Jun. 27). The Court has also considered the Defendants' Opposition (#23, filed Jul. 8), and Madidi's Reply (#26, filed Jul. 25).

## BACKGROUND

This case arises from Madidi's request to change the date of birth on his Certificate of Naturalization from June 27, 1947, to December 31,1939. Madidi is a native of Morocco. Moroccan authorities recorded Madidi's date of birth as June 27, 1947, in the Moroccan Civil Status Booklet. Madidi gained admission to the United States as a Lawful Permanent Resident around December 7, 1978. Subsequently, on March 16, 1989, Madidi became a citizen of the United States and was issued a Certificate of Naturalization. However, Madidi suspected he was older than the date of birth recorded on his Certificate of Naturalization so he sought legal relief in Morocco. Madidi obtained a Moroccan physician's testimony that declared Madidi to be older than his stated age based on a blood test. Initially, a lower court in Morocco ruled against Madidi. However, Madidi appealed the ruling and on January 16, 2009, the Court of Appeals in the Kingdom of Morocco entered a judgment, finding as a matter of law, that Madidi was born on December 31, 1939.

In this suit, Madidi asks this Court to issue an order to amend his Certificate of Naturalization. Madidi argues he has provided clear and convincing evidence of his actual age because he received a foreign judgment, issued by an appellate court in Morocco, declaring his date of birth to be December 31, 1939. Now, the parties have brought competing motions for summary judgment. For the reasons discussed below, the Court denies Defendants' motion and grants Madidi's motion.

## DISCUSSION

I. **Legal Standards**

   A. **Summary Judgment Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

Where parties submit cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered. *Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001); *see also* William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed.1998) (stating: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.").

### B.  Amending a Certificate of Naturalization

Under 8 C.F.R. § 334.16(b), a court may issue an order to amend a Certificate of Naturalization to change the date of birth where clear and convincing evidence is provided. *Hussain v. USCIS*, 541 F. Supp. 2d 1082, 2084-85 (D. Minn. 2008) *see also Pyun v. Jarina*, 07-2817-P, 2009 WL 1636272 (W.D. Tenn. June 11, 2009). Federal courts have generally required a petitioner to demonstrate that (1) the date of birth on the Certificate of Naturalization is incorrect, and (2) reliable evidence supports the proposed date of birth. *Id.* Moreover, the court may still deny a petition if there is evidence the petitioner acted fraudulently or in bad faith either when the petitioner provided the incorrect birth date to immigration authorities or when the petitioner sought to amend the Certificate of Naturalization. *Id.*

### C.  Retrospective Comity

Federal courts should generally give preclusive effect to foreign judgments under principles of comity when the issue concerns a federal question. *See Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 502, ftn. 13 (9th Cir. Bankr. App. 2003). Comity "is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." *Wilson v. Marchington*, 127 F.3d 805, 809-10 (9th Cir. 1997) *citing to Hilton v. Guyot*,

3

159 U.S. 113, 163-64 (1895). However, the merits of the case adjudicated by a foreign sovereignty should not be tried afresh based on the assertion of a party that the judgment was erroneous in law or fact. *Id.* at 202-03. In sum, a court should uphold foreign judgments when there is no evidence of fraud, a competent court utilized proceedings consistent with civilized jurisprudence, and the judgment is not significantly adverse to the fundamental interests of the United States. *Id.* The last point, known as the "public policy" exception, is narrow in that it must be repugnant to fundamental notions of what is fair and just. *See* Restatement (Second) of the Conflicts of Laws § 117 cmt. c (1971).

## II. Analysis

A general comity analysis controls in this case because the issue concerns a federal question. Specifically, Madidi asks this Court to enter an order based on 8 C.F.R. § 334.16(b), a federal regulation. The Court finds that the judgment entered by the Court of Appeals of the Kingdom of Morocco is clear, reliable evidence that Madidi's birthday is December 31, 1939. The Defendants explicitly declined to address the nature of the Moroccan judicial system, and, thus, waive any argument as to the Moroccan court's procedural or substantive competency. (See Defendants' Opp #23, Pg. 4, Ln. 14-15). Therefore, Defendants do nothing to attack the validity of the foreign judgment.

Moreover, the Defendants have not argued that Madidi's actions were fraudulent. Instead, the Defendants simply ask this Court to re-examine the underlying merits of the case reviewed by the Moroccan Court of Appeals. This Court declines the request. This Court will not try the case afresh without, at a minimum, reasons to believe the foreign judicial system is not competent or that the particular judgment indicates fraudulent behavior.

Finally, the Defendants' argument that Social Security benefits are at risk does not meet the high standards of the exception to comity which requires the foreign judgment to be repugnant to fundamental interests of the United States. The fact Madidi, a tax-paying citizen for well over two decades, may be eligible for some government benefits a couple years earlier than he

4

otherwise would does not undermine fundamental fairness interests of the United States. Although some of America's financial interests may be impacted by the foreign judgment, the Defendants do not assert that the effect of the foreign ruling is fundamentally contrary to domestic interests of what is fair and just. In short, Madidi went to his native country, who originally recorded his date of birth, and utilized their judicial system to obtain a judgment in his favor from the Moroccan appellate court. There is no argument or evidence the judgment is not valid or suggests fraudulent behavior. This Court does not see what fundamental interests of justice are undermined by this foreign judgment. Consequently, this Court defers to the foreign judgment under general principles of comity and hereby grants Madidi's motion for summary judgment.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#19) is DENIED.

IT IS FURTHER ORDERED that Madidi's Motion for Summary Judgment (#22) is GRANTED.

Dated: December 15, 2011.

ROGER L. HUNT
United States District Judge